**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4113

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MELVILLE DANCY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Timothy M. Cain, District Judge. (6:16-cr-00861-TMC-1)

Submitted: September 13, 2018                    Decided: September 17, 2018

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. Jamie L. Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melville Dancy pled guilty to possession of a firearm by a convicted felon, in violation of 21 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Dancy to 57 months' imprisonment, a term at the low end of the 57- to 71-month advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Dancy's sentence is greater than necessary to accomplish the sentencing goals enumerated in 18 U.S.C. § 3553(a) (2012). Although advised of his right to do so, Dancy has not filed a pro se supplemental brief. The Government declined to file a brief. After a thorough review of the record, we affirm.

We review Dancy's sentence for procedural and substantive reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 208 (2017). First, we "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[ ] the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no significant procedural error, we must also consider the substantive reasonableness of Dancy's sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (internal quotation marks omitted). A

2

sentence must be "sufficient, but not greater than necessary," to accomplish the § 3553(a) sentencing goals. "Any sentence that is within . . . a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Here, the court correctly calculated Dancy's advisory Guidelines range, heard argument from counsel, provided Dancy an opportunity to allocute, and considered the § 3553(a) sentencing factors. Because Dancy has not demonstrated that his sentence "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of reasonableness accorded his within-Guidelines-range sentence. *Louthian*, 756 F.3d at 306. We conclude that Dancy's sentence is both procedurally and substantively reasonable.

Accordingly, we affirm the judgment of the district court. In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Dancy, in writing, of the right to petition the Supreme Court of the United States for further review. If Dancy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dancy. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3